March 6th, 1905.

———o———

No. 3327.

(Court of Appeal, Parish of Orleans.)

## SAMUEL ISRAELITE BAPTIST CHURCH vs. JORDAN THOMAS.

Appeal from Civil District Court, Division "C."

A. Voorhies, for Plaintiff and Appellee.

John A. Woodville, for Defendant and Appellant.

1. If by the terms of the act incorporating an association, the right to sue is to be exercised by and through its President and Board of Trustees, the suit will be dismissed when the record shows that the person suing and representing themselves in that capacity had not

178

been elected to those offices at the time suit was filed.

2. The fact that plaintiffs were elected, be their election legal or not, at a time subsequent to the filing of the suit, will not avail them, the election not having a retroactive effect tending to cure their status when suit was commenced.

ESTOPINAL, J.  In this case there is involved first the legality of the proceedings had in the lower court, and, secondly, the regularity of the proceedings of the plaintiff corporation herein as affecting the defendant.  A recital of these proceedings is necessary, and, as a clear and fair statement of the same is found in defendant's brief, we shall adopt it, as follows:

On February 10th, 1903, the parties plaintiff calling themselves the Samuel Israelite Baptist Church, filed this suit against Jordan Thomas and prayed as follows:

"Wherefore petitioners pray that writs of injunction issue, commanding said Jordan Thomas to cease trespassing upon the properties of said corporation and to vacate the parsonage premises thus tortiously occupied by him; that he be cited; that judgment be rendered against him in favor of said corporation; that he be ejected from said premises and particularly from said parsonage building; that petitioners be maintained in their legal possession of all said premises and quieted in the possession thereof; that they recover of said Jordan Thomas five hundred dollars with legal interest for tortious damages aforesaid; that said injuction be in due course made perpetual; and for general relief."

Upon the petition unsworn to, a writ of injunction was issued, commanding defendant:

"To cease trespassing upon the properties of the Samuel Israelite Baptist Church and to vacate the parsonage premises tortiously occupied by you.  And you are to remain enjoined until the further orders of this Court."

On a rule to show cause why injunction should be dissolved, judgment was rendered dissolving injunction.  After exceptions to petition had been referred to the merits, defendant answered

179

and prayed for trial by jury. The case was finally tried by a jury and following verdict was rendered:

"Verdict for plaintiffs, ordering defendant to vacate the premises and to cease trespassing thereon and for $150 damages. A motion for a new trial was filed and upon plaintiff discontinuing all claim for damages and waiving damages allowed by jury, the Court refused new trial and amended judgment so as to read as follows, to-wit:

"Considering the verdict of the jury and the law applicable thereto, and for reasons orally assigned in open Court,

"It is ordered, adjudged and decreed that there be judgment in favor of the plaintiff, the Samuel Israelite Baptist Church, and against the defendant, Jordan Thomas, ordering said defendant Jordan Thomas, to vacate the premises now occupied by him as the parsonage of said Church, and to cease trespassing on the plaintiff's property; all costs of suit to be paid by said defendant."

Defendant then suspensively appealed.

The injunction having been dissolved and no appeal having been taken thereon and appellees not complying or asking an amendment of the judgment, there is no issue as to preliminary injunction before this Court.

The same is true as to plaintiff's claim for damages, since they have been expressly remitted by appellees in the lower court.

The only issue before us is to who is in lawful possession of the premises in question.

The defendant, as pastor of the Samuel Israelite Church, occupied the parsonage attached to the Church and he stands upon the ground that until he has been regularly ousted, his successor named *at the time and in the manner* prescribed by the charter, be has the legal right under the terms of that charter to remain in undisturbed possession as pastor.

We find that the members of the church are divided, the par-

tisans ·of defendant continuing to recognize him as pastor of the church and that the other members, disatisfied and disgrunted have set themselves up as the church and have proceeded to reorganize by electing a new board of trustees and a pastor, the parties plaintiff here.

The minutes kept by plaintiffs, which are in the record, show that Marcel Gettridge. pastor and president, and the several men and women named in the petition constituting the Board of Trustees of the Samuel Isralite Baptist Church were elected at a meeting held on the 27th day of February, 1903, and the record shows this suit to have been commenced and filed by the plaintiffs on the 10th of February, 1903, in other words, that plaintiffs filed these proceedings and assumed the character which set forth seventeen days prior to their election to their respective offices.

Such being the case and the rule of law being that the rights of parties must be tested by the state of facts existing at the time the *suit was filed,* the plaintiffs have shown no right in themselves, *quoad* this case, to the premises sued for.

This is not a suit entered by the several parties named in the petition in their individual capacity and as communicants of said church, but the suit is brought in the name of the Samuel Israelite Baptist Church, and prosecuted by plaintiffs in their capacity of pastor, president and members of the Board of Trustees, and since that is so, we must ascertain whether they possessed the right and authority to sue when they did. It is clear to us that the circumstance alone is sufficient to defeat plaintiffs, but, for argument sake, suppose their election to office sometime after filing suit has a retroactive effect and cures that phase of it, there still remains the fact that the election of their pastor and board was irregular and not according to charter provisions.

In the first place the election under which plaintiffs hold does not appear to have been held at the time named in the charter, nor does the evidence show the election to have been made by a majority of the members of the association.

The act incorporating the Samuel Israelite Babtist Church, Art. 3, in brief, relates:

"The affairs of said corporation shall be conducted and managed by a Board of Trustees, composed of fifteen members of the congregation and etc., including a pastor, who shall be elected by a majority vote of the members of the association at the annual meeting to be held on the Friday preceding the first Sunday in March, and shall hold office for one year and until their successor shall have been elected and qualified."

Provision being made in the charter as to the time and manner of holding elections, it follows that there is a purpose and that said elections should be held conformably with that instrument and any material variance from it nullifies the election.

We have stated our conclusion, and since it follows that the incumbent holds over until his successor is elected and qualified, and none having done so legally and regularly, defendant, Jordan Thomas, who was the pastor of the Samuel Israelite Baptist Church at the time of the institution of this suit and who was superceded by Marcel Gettridge, by virtue of an election irregularly held and therefore void, holds over as pastor.

It is therefore ordered, adjudged and decreed that the verdict of the jury is annulled and the judgment thereon is avoided and reversed, and plaintiff's suit dismissed and that there be judgment in favor of the defendant, plaintiffs to pay costs in both Courts.

March 6th, 1905.

Rehearing refused May 1st, 1905.

## On Rehearing.

On second examination of the record we are confirmed in the correctness of our former decree. Former decree remains undisturbed.

ESTOPINAL, J. After a second hearing of this case and a second examination of the record, we have reached the conclusion

that not only have we committed no error in our previous opinion, but that the case for defendant is measurably stronger by reason of the fact that our attention has since been directed to entries in the minute book of the alleged Samuel Israelite Baptist Church here which show that when ever they did hold an election for officers, it was done without the slightest regard to and in direct contravention of the terms of their act of incorporation.

The record shows that every election held by plaintiff was the act of the church members collectively and not of the Board of Trustees as provided by the Charter.

It is therefore ordered that our decree remain undisturbed.
April 19th, 1905.